107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donna Mae KNOWLTON, Plaintiff-Appellee,
v.
Virgil BROWN, individually and in his capacity as Executive
Director of the Ohio Lottery Commission,
Defendant-Appellant.
 No. 95-4274.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1997.
 
 Before: MARTIN, KEITH, and BATCHELDER, Circuit Judges.
 BATCHELDER, Circuit Judge:
 
 
 1
 The plaintiff filed this action under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Ohio, which denied the defendant's summary judgment motion based on the merits and on qualified immunity. The defendant appeals.
 
 I. BACKGROUND
 
 2
 In her complaint, plaintiff Donna Mae Knowlton, a registered Democrat, alleges that in September 1991, defendant Virgil Brown, the new executive director of the Ohio Lottery Commission ("OLC"), discharged her from her position as OLC Region 6 manager, a position authorized by Ohio statute as unclassified in the civil service. She alleges she performed her job well and did not assist the OLC director or Ohio Governor George Voinovich, a Republican elected in 1990 to succeed Democrat Richard Celeste, in formulating policies. Instead, she implemented their policies. She claims she had minimal discretionary authority, did not handle matters of partisan political interest, owed no special duty of loyalty to any of her superiors, and was not in a fiduciary relationship with them.
 
 
 3
 Knowlton says she has organized fundraisers for, and contributed to, the Ohio Democrat Party, and was a campaign coordinator for former Ohio State Treasurer Mary Ellen Withrow, also a Democrat. Knowlton alleges that Brown dismissed her due to the change in gubernatorial administration. By discharging her due to her political beliefs and her association with her party, she alleges Brown violated her rights under the First and Fourteenth Amendments to the United States Constitution. U.S. CONST. amends. I, XIV.[1]
 
 
 4
 In moving for summary judgment, the defendant made four contentions. One of the four was that political affiliation is an appropriate factor in determining who will be regional manager. Another of the four was qualified immunity. The defendant appeals only on these two issues, which are related. See, e.g., Blair v. Meade, 76 F.3d 97, 100 (6th Cir.1996) (citing Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789 (1991)).
 
 
 5
 In denying summary judgment on whether political affiliation is an appropriate factor, the district court held that a reasonable jury could conclude that political affiliation was not an appropriate requirement for the position of regional manager. The court also held that the defendant was not entitled to qualified immunity, an issue we need not reach if the plaintiff has no First Amendment claim to begin with.
 
 II. DISCUSSION
 
 6
 The relevant case law includes Elrod v. Burns, 427 U.S. 347, 375, 96 S.Ct. 2673, 2690 (1976) (Stewart, J., concurring), and Branti v. Finkel, 445 U.S. 507, 518, 100 S.Ct. 1287, 1295 (1980) ("the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved"), which we recently explored at length in McCloud v. Testa, 97 F.3d 1536 (6th Cir.1996).
 
 
 7
 We have held that the Branti exception "in political patronage cases is to be construed broadly, so as presumptively to encompass positions placed by the legislature outside of the 'merit' of civil service." McCloud, 97 F.3d at 1542; see also Rice v. Ohio Dep't of Transp., 14 F.3d 1133, 1141 n. 7 (6th Cir.1994). We look to the duties of the regional manager "both in the abstract and as envisioned by the new" director. Rice, 14 F.3d at 1140 (citing Faughender v. City of North Olmstead, Ohio, 927 F.2d 909, 913-14 (6th Cir.1991)). We may consider the defendant's testimony regarding whether political affiliation is an appropriate factor in determining who will be regional manager, but such testimony alone is not dispositive. See, e.g., Meade, 76 F.3d at 100-01; Rice, 14 F.3d at 1136-38, 1141.
 
 
 8
 The defendant's first contention is correct. The district court erred in holding that it was within the province of the jury to decide whether political affiliation was an appropriate requirement for the position of regional manager. The limits of what is appropriate under Branti is a question for the court. Rice, 14 F.3d at 1142.
 
 
 9
 We recognize that the defendant testified that nothing about the regional manager's job makes political affiliation a job requirement or hiring consideration, and the OLC's assistant director and the human-resources administrator each testified similarly. After reviewing the testimony, and the rest of the record, as a whole, however, we conclude that given the breadth of the Elrod/Branti exception, see Rice, 14 F.3d at 1141 n. 7, it was "appropriate" to consider the plaintiff's party affiliation, cf., e.g., Blair, 76 F.3d at 99, 100-02 (defeated judge executive's purchasing agent/chief financial officer/office manager, and bookkeeper/assistant to the financial officer); Rice, 14 F.3d at 1141-43 (administrative assistant to one of 12 deputy directors of the Ohio Department of Transportation); Faughender, 927 F.2d at 913-14 (mayor's secretary), and that the facts of this action are so similar to those of Rice in relevant respects that the plaintiff cannot prevail consistently with Rice. Therefore, contrary to the plaintiff's assertion, her discharge did not infringe her rights under the First Amendment.
 
 III. CONCLUSION
 
 10
 We REVERSE the order of the district court and REMAND this action with instructions to enter summary judgment for the defendant.
 
 
 
 [1]
 The Supreme Court has long held that the Fourteenth Amendment applies the First Amendment to the states. E.g., Gitlow v. New York, 268 U.S. 652, 666, 45 S.Ct. 625, 630 (1925) (freedom of speech and freedom of the press)